IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| MAURICE ROBINSON, | * | |
| Plaintiff, | * | |
| v. | * | |
|  | * | Civil No. 25-4221-BAH |
| LORRAINE CARTER, | * | |
| Defendant. | * | |
|  | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

### **MEMORANDUM AND ORDER**

Plaintiff Maurice Robinson ("Plaintiff") filed the above-captioned complaint pro se together with a motion for leave to proceed in forma pauperis, ECF 2, and a motion requesting that his address be kept private, ECF 3.

Section 1915(e)(2)(B) of 28 U.S.C. requires this Court to conduct an initial screening of this complaint and dismissal of any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020). The Court is mindful of its obligation to construe liberally a complaint filed by a self-represented litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). Here, Plaintiff's

complaint fails to state a claim upon which relief can be granted, and the Court is without subject matter jurisdiction over the claims. His complaint will thus be dismissed without prejudice.

Plaintiff brings suit against defendant Lorraine Carter. *See* ECF 1. Plaintiff purports to bring his claim under federal question jurisdiction, alleging violations of "forced compliance" pursuant to 18 U.S.C. § 3571, "extortion" pursuant to 18 U.S.C. § 876, and "fraud" pursuant to 18 U.S.C. § 1001. *Id.* Plaintiff alleges that "Lorraine Carter acted out of malicious intent" when she "told child support she was [his] heir's mother" and "lied under oath." *Id.* at 6. Plaintiff further alleges that "theft was made against" him, that he was "lied" to, that there was "slander/defamation of character," that there was a "loan made" that he is "held accountable for" but "did not consent to," and that he has become "homeless because of this fraud" and has been "force[d] into poverty." *Id.* Plaintiff asks for $250,000 plus "court fees." *Id.*

As is well-established, "'[u]nless there is a clear [legislative] intent to provide a civil remedy, a plaintiff cannot recover civil damages for an alleged violation of a criminal statute.'" *United States ex rel. Angel v. Scott*, 697 F. Supp. 3d 483, 490 (E.D. Va. 2023) (citing *Brown v. Clements*, No. 15-cv-104, 2015 WL5677296, at *9 (E.D. Va. Sept. 23, 2015)) (alterations in original). "A bare criminal statute provides for no express civil remedy." *Id.* (quotation and citation omitted). Additionally, the decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor. *Shahin v. Darling*, 606 F. Supp. 2d 525, 538 (D. Del. 2009) (citing *United States v. Batchelder*, 442 U.S. 114, 124 (1979)); *see also Smith v. Shaw*, Civ. No. 09-1001, 2012 WL 1832340, at *1 (S.D.W. Va. April 25, 2012) ("Plaintiff has no right to initiate criminal proceedings against Defendant.").

Plaintiff purports to bring civil claims under 18 U.S.C. § 3571, which provides that defendants who have been found guilty of certain offenses may be sentenced to pay a fine; 18

U.S.C. § 876, which criminalizes the mailing of certain threatening communications; and 18 U.S.C. § 1001, which criminalizes the act of knowingly and willfully making false statements or representations in certain matters within the jurisdiction of the U.S. government. These are federal criminal statutes that do not provide private causes of action. Accordingly, Plaintiff cannot maintain a lawsuit in federal court pursuant to the statutes he invokes.

Moreover, the few allegations included in the complaint suggest that this dispute may relate to child support matters. "Federal courts generally lack jurisdiction over child support matters." *Laster v. Sampson Cnty. Child Support Enf't Agency*, No. 7:25-CV-1265-M-KS, 2025 WL 3132222, at *1 (E.D.N.C. Oct. 3, 2025) (collecting cases), *report and recommendation adopted*, No. 7:25-CV-01265-M-KS, 2025 WL 3129284 (E.D.N.C. Nov. 7, 2025). If Plaintiff has any remedy, that remedy is likely to be found in state court.

Accordingly, it is this 23rd day of December, 2025, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's complaint, ECF 1, is DISMISSED WITHOUT PREJUDICE;
2. Plaintiff's motion to proceed in forma pauperis, ECF 2, is DENIED AS MOOT;
3. Plaintiff's motion that his address be kept private, ECF 3, is DENIED AS MOOT; and
4. The Clerk SHALL CLOSE the case and PROVIDE a copy of this Order to Plaintiff.

/s/
Brendan A. Hurson
United States District Judge